**UNITED STATES DISTRICT COURT FOR**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SPA SYSPATRONIC AG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-04060-PBT |
| | ) | |
| v. | ) | |
| | ) | |
| INFINEON TECHNOLOGIES NORTH | ) | |
| AMERICA CORPORATION and INFINEON | ) | |
| TECHNOLOGIES AG, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER TO**
**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendant Infineon Technologies North America

Corp. and Infineon Technologies AG (collectively "Infineon") respectfully move the Court  for

leave to file a First Amended Answer to Plaintiff's Complaint and Demand for Jury Trial,

attached as Exhibit A, to include an Eighth Affirmative Defense based on 28 U.S.C. §1498(a),

for the reasons stated in the accompanying Memorandum of Points and Authorities filed

herewith.

                                                    Respectfully submitted,

                                                    INFINEON TECHNOLOGIES NORTH
                                                    AMERICA CORP. and INFINEON
                                                    TECHNOLOGIES AG,

Dated: July 23, 2010

                                                    By:  */s/ Andrea L. D'Ambra*
*Of Counsel*                                             Gregory J. Lavorgna (PA ID 34874)
Sarah Chapin Columbia                                    Andrea L. D'Ambra (PA ID 93385)
Leigh J. Martinson                                       Drinker Biddle & Reath LLP
Melissa N. Davis                                         One Logan Square
MCDERMOTT WILL & EMERY LLP                               18th & Cherry Streets
28 State Street                                          Philadelphia, PA 19103-6996
Boston, Massachusetts 02109-1775                         Tel:  215.988.2700
Tel:  617.535.4000                                       Fax:  215.988.2757
Fax: 617.535.3800

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SPA SYSPATRONIC AG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-04060-PBT |
| | ) | |
| v. | ) | |
| | ) | |
| INFINEON TECHNOLOGIES NORTH | ) | |
| AMERICA CORPORATION and INFINEON | ) | |
| TECHNOLOGIES AG, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Infineon Technologies North America Corp. and Infineon Technologies AG

(collectively "Infineon") respectfully submit this Memorandum to support their Motion For

Leave to file a First Amended Answer to Plaintiff's Complaint and Demand for Jury Trial

("Motion"), pursuant to Fed. R. Civ. P. 15(a)(2).[1]


I.      Procedural History

SPA Syspatronic AG ("Syspatronic") filed this action on September 4, 2009.  Plaintiff's

Amended Complaint and Demand for Trial by Jury ("Amended Complaint"), filed on March 22,

2010, alleges infringement of U.S. Patent No. 4,985,921 and its corresponding reexamination

certificate.  (Dkt. 22, Am. Compl. ¶¶ 11, 15.)  Infineon answered the Amended Complaint on

April 2, 2010.  (Dkt. 25, Answer to Am. Compl.)  A Rule 16 Scheduling Conference was held on

June 24, 2010.  On July 9, 2010, Syspatronic filed a Letter Brief to establish that Infineon's sales

---

[1]      As discussed in Infineon's concurrently filed Letter Brief, there is disagreement among the Circuit Courts
of Appeal regarding whether §1498 is a jurisdictional statute or an affirmative defense.  (Def.'s Ltr. Br. at 5). Rather
than dispute the controlling circuit for what is a mixed issue of procedure and substance, Infineon moves this Court
for leave to amend its Answer to explicitly recite §1498(a) as an affirmative defense.

to the U.S. Government are properly at issue in this case ("Letter Brief").  (Dkt. 29, Pl.'s Ltr. Br. 1.)

        II.        <u>Summary of the Argument</u>

Infineon respectfully submits that this Court should grant its Motion pursuant to Fed. R. Civ. P. 15(a)(2).  A party may amend its pleading with the Court's leave, and the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may only be denied "if the [] delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party."  *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d. Cir. 2008); *see Charpentier v. Godsil*, 937 F.2d 859, 863-64 (3d. Cir. 1991) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.").  This Motion is raised at "a pragmatically sufficient time" and Syspatronic would not be "prejudiced in its ability to respond."  *Keys v. City of Philadelphia*, No. 04-0766, 2005 U.S. Dist. LEXIS 30137, at *16-17 (E.D. Pa. Nov. 29, 2005) (citations omitted).

The circumstances in this case warrant a grant of leave to amend.  Infineon filed this Motion a mere three and a half months after filing its answer – this cannot be interpreted as undue delay.  In fact, a discovery case scheduling order has not been assigned, nor has discovery commenced.  Similarly, the granting of this motion would not be prejudicial to Syspatronic's ability to respond because the litigation is still in its inception.  Further, the short delay in filing this Motion was not motivated by bad faith.  In fact, Infineon made it clear in early discussions with Syspatronic that Syspatronic is barred from recovering damages on Infineon's sales to the United States Government in this Court.

III.    Statement of Facts

After Syspatronic filed suit, the parties engaged in a series of discussions to try to resolve the dispute before expending inordinate resources.  From the beginning, Infineon made clear that, in this jurisdiction, a remedy is unavailable as to Infineon's sales to the Government for use in U.S. Passports.  For example, in November 2009, Infineon identified "sales of accused products in the United States to *entities other than the U.S. Government*."  (Def's Ltr. Br. Ex A.) (emphasis added).  In December 2009, Infineon reiterated its position that Syspatronic is not entitled to damages in this Court for sales to the Government.  (Dkt. 29, Pl's Ltr. Br. Ex. A.) Infineon questioned the relevance of these sales, given that Syspatronic failed to file an action in the Federal Court of Claims.  *Id*.  Nevertheless, recognizing that Syspatronic could seek recovery in the Federal Court of Claims, Infineon agreed to provide sales numbers for sales to the Government in an effort to encourage good faith settlement negotiations and resolution of this and any future litigation against Infineon, the United States, or any other Infineon customer.

The settlement discussions proved unfruitful.  The following March, Infineon moved the Court to order Syspatronic to more clearly plead its complaint in a more definite statement. Syspatronic subsequently filed its Amended Complaint, and Infineon duly answered that Amended Complaint on April 2, 2010.  In so doing, Infineon enumerated seven affirmative defenses that it believed and still believes are dispositive against Syspatronic's claims. Currently, only three and a half months after enumerating these affirmative defenses, Infineon moves this Court for leave to add an eighth affirmative defense to its Answer.

IV.    Argument

A court should freely give leave to amend a pleading.  When not available as a matter of course, amendment to a pleading may nevertheless be permitted by court's leave.  Fed. R. Civ. P. 15(a)(2).  "A court should freely give leave when justice so requires."  *Id*.; *Charpentier*, 937 F.2d at 863-64 ("[A] responsive pleading may be amended at any time by leave of court to include an affirmative defense, and leave shall be freely given when justice so requires." (citations omitted).).

Syspatronic asserts in its Letter Brief that Infineon has waived the protections of 28 U.S.C. § 1498.  (Dkt. 29, Pl.'s Ltr. Br. 4.)  Infineon has not made any such waiver.  To the contrary, "a defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond." *Charpentier,* 937 F.2d at 864 (citations omitted).  A request under Fed. R. Civ. P. 15(a)(2) may be denied only "if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d. Cir. 2008) (citing *Adams v Gould*, 739 F.2d 858, 864 (3d. Cir. 1984)); *see Charpentier*, 937 F.2d at 863-64 ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.").

### a.  Infineon's motion is timely.

Infineon filed its Motion on July 23, 2010, only three and a half months after filing its original Answer to Syspatronic's Amended Complaint.  Discovery has not commenced.  Indeed, this Court has not issued a scheduling order setting the length or deadlines for discovery. Syspatronic therefore is well positioned to address the applicability of this defense.

Syspatronic cites *Manville Sales Corp. v. Paramound Sys., Inc.* for the proposition that a §1498(a) defense can be waived if untimely asserted. (Dkt. 29, Pl.'s Ltr. Br. 4.)  That case, however, involved a completely different factual scenario.  Unlike here, there was actual prejudice to the Plaintiff.  In *Manville*, the district court below held a trial, found infringement, and awarded damages, including for devices sold to the United States.  *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 549 (Fed. Cir. 1990).  Only in a post-judgment motion did the defendant unsuccessfully attempt to invoke §1498.  *Id*.  On appeal, the Federal Circuit upheld the district court's ruling that the defendant failed to timely invoke §1498.  *Id*. at 555.

In contrast, here, the litigation is incipient: discovery has not commenced, nor has a scheduling order been issued.  Indeed, motions to amend pleadings have been granted with "delays" far greater than the one present here.  *See*, *e.g.*, *Charpentier*, 937 F.2d at 864 (permitting an answer to be amended to assert a defense after a verdict was returned); *Keys v. City of Philadelphia*, No. 04-0766, 2005 U.S. Dist. LEXIS 30137, at *16-17 (E.D. Pa. Nov. 29, 2005) (noting, in considering motions for summary judgment, that Defendants may raise by an appropriate motion an affirmative defense that had not yet been pled).

### b.  Syspatronic would not be prejudiced if the Motion is granted.

Again, because the litigation is incipient, Syspatronic would not be prejudiced if the Motion is granted.  Syspatronic cites two forms of prejudice: reliance[2] on Infineon's purported clear intent to waive §1498 (Dkt. 29, Pl.'s Ltr. Br. 5, 9) and a loss of a right to recover damages on Infineon's sales to the United States (Dkt. 29, Pl's Ltr. Br. 9).  Neither of these purported bases supports a denial of Infineon's Motion.

---

[2]    Although such evidence would likely be irrelevant given the earnest timeliness of its Motion, Infineon notes that no evidence of reliance has been shown.  Indeed, such evidence is likely scarce since Syspatronic's prejudicial reliance has had a very limited time to gestate.

First, Syspatronic's assertion that it relied on a purported waiver in asserting direct infringement is blatantly false.  Syspatronic would have this Court believe that "[its] direct infringement claims are in this case because Infineon has not raised an affirmative defense under Section 1498(a)."  (Dkt. 29, Pl.'s Ltr. Br. at 10.)  But Syspatronic pled direct infringement in its original Complaint.  (Dkt. 1, Compl. ¶¶ 11, 15.)  It is unclear how Syspatronic could have reasonably relied upon Infineon's as yet unpled Answer.

Indeed, Syspatronic cannot have formed any such reliance even after drafting its Original Complaint.   Infineon routinely made Syspatronic aware of the questionable relevance of Government sales to this litigation.  (*See*, *e.g.*, Dkt 29, Pl.'s Ltr. Br. Ex. A.) ("While I do not see the relevance of your inquiries about Infineon's sales to the U.S. Government in light of your decision to bring Syspatronics' [sic] action for patent infringement in the U.S. District Court . . . .").  In contrast, Infineon has expressed no such doubt as to relevance of non-Governmental sales. (Def.'s Ltr. Br. Ex. A.)  Notwithstanding that fact, Infineon still disclosed Government sales information because it recognized that Syspatronic could seek recovery from the United States in the Federal Court of Claims.   So Infineon agreed to provide this information to encourage good faith settlement negotiations and to resolve this and any future litigation against Infineon, the United States, or any other Infineon customer.[3]  Thus, this is an inappropriate basis for denying Infineon's Motion because Syspatronic was informed of and knew of its inability to recover damages based on Governmental sales in this Court.  *See Charpetnier*, 937 F.2d at 864 (noting, as a basis for permitting an amendment after judgment to include an affirmative defense, that plaintiff was alerted of the defense at the outset of the litigation.).

---

[3]    Naturally, because discovery has not yet commenced, Syspatronic would not have had a right to even request such sales figures otherwise.

Syspatronic largely bases this purported prejudice on Infineon's knowledge of these Governmental sales prior to filing its Answer that allegedly includes "every other possible affirmative defense." (Dkt. 29, Pl.'s Ltr. Br. 5-6.)  This reliance is unfounded.  Mere knowledge of the possible availability of a defense, or its underlying facts, does not prohibit amendment of the pleading.  *See*, *e.g.*, *Spacesaver Corp. v. The Marvel Group, Inc.*, No. 08-cv-354, 2009 U.S. Dist. LEXIS 23062, *2-3 (W.D. Wis. Mar. 19, 20, 2009) ("Although it is curious that defendant did not raise this defense earlier (one would think that defendant would be aware from the beginning whether its products were made for the Government), this does not mean that defendant has 'waived' the defense, as plaintiff suggests.").  Indeed, the Third Circuit test for deciding Fed. R. Civ. P. 15(a)(2) motions does not require that the movant be unaware of the existence of a potential defense or the facts supporting it.  Thus, Infineon did not "clearly inten[d]" to waive this defense.  And its knowledge of its sales to the United States when filing its Answer does not preclude it from raising the defense three and a half months after such filing.

Second, prejudice caused by the merits of an amendment is not a proper consideration for Fed. R. Civ. P. 15(a)(2) motions.  Syspatronic concedes that it would be unable to collect damages on Infineon's sales to the United States if a §1498(a) defense were asserted.  This inability is cited as a basis for precluding Infineon's invocation of §1498(a).  This assertion is improper because it considers the merits of the defense.  The pertinent prejudice is not that the defense might adversely impact the non-movant, but rather that the non-movant is unable to fully investigate and respond to the defense.  *Keys*, 2005 U.S. Dist. LEXIS 30137 at *16-17.  Taking the former to be true, *arguendo*, then no motions to amend a pleading would be granted, because an amendment to a party's pleadings necessarily improves its case to the prejudice of the opposing party.

Moreover, equity demands that such a prejudice is unjustified to strike down Infineon's motion. Discovery has not yet opened. Syspatronic is only aware of the Governmental sales because of Infineon's good faith attempts to negotiate a settlement of all current and potential claims against Infineon and its customers. To deny Infineon's Motion because of alleged prejudice arising from Infineon's disclosures is inequitable. Syspatronic cannot properly rely on Infineon's good faith participation in settlement negotiations to ask this Court to deny Infineon a right to the protections of §1498.

### c. Infineon's short delay in filing its Motion was not in bad faith.

To the extent there is a delay, "[d]elay alone will not constitute grounds for denial." *Bjorgung*, 550 F.3d at 266. Nevertheless, Infineon did not act in bad faith in waiting a mere three and a half months to amend its pleading. The fact that only a short time has transpired since Infineon filed its Answer is evidence of that. Indeed, this Court has not issued a scheduling order, nor has discovery commenced.

In addition, during settlement discussions, Infineon made explicit its belief that Syspatronic is precluded from reaching Infineon's sales to the United States. (Dkt. 29, Pl.'s Ltr. Br. Ex. A.) Accordingly, Infineon has not attempted to hide its tactics from Syspatronic or deceive Syspatronic as to Infineon's intentions. There was no "reversal of course" (Dkt. 29, Pl.'s Ltr. Br. 9).

Infineon did not, as Syspatronic asserts, plead "every other possible affirmative defense" (Dkt. 29, Pl.'s Ltr. Br. 5.), as demonstrated by its current Motion. In fact, Infineon may file a similar motion in the future. For example, if discovery leads to evidence that the asserted patents are unenforceable due to inequitable conduct before the United States Patent and Trademark Office, Infineon will similarly move to amend its answer to include that defense. Infineon has not acted in bad faith in waiting three and a half months to file this motion.

- 9 -

V.      Conclusion

Throughout the early stages of this litigation, Infineon has dealt openly and honestly with

Syspatronic in discussing possible resolutions to this case, providing information for Syspatronic

to consider, and making clear that Syspatronic could not recover damages on sales made to the

United States Government.  Despite this, Syspatronic seems intent on playing an expensive game

of "gotcha" – crying foul when it had actual notice of Infineon's defense and when it would

suffer no prejudice from the amendment of Infineon's pleading to include the defense.  The

Federal Rules of Civil Procedure explicitly permit amendments of pleadings, such as the one

requested herein, because Congress and the Courts recognize that parties should be "freely"

permitted to amend Answers after the initial filing.  Because this Motion is timely and because

Syspatronic would suffer no prejudice from the granting of this Motion, Infineon respectfully

requests this Court grant its Motion.


Respectfully submitted,

INFINEON TECHNOLOGIES NORTH
AMERICA CORP. AND INFINEON
TECHNOLOGIES AG,

Dated:  July 23, 2010

*Of Counsel*                          By:  */s/ Andrea L. D'Ambra*
Sarah Chapin Columbia                      Gregory J. Lavorgna (PA ID 34874)
Leigh J. Martinson                         Andrea L. D'Ambra (PA ID 93385)
Melissa N. Davis                           Drinker Biddle & Reath LLP
McDermott Will & Emery LLP                 One Logan Square, Suite 2000
28 State Street                            Philadelphia, PA 19103-6996
Boston, Massachusetts 02109-1775           Tel:  215.988.2700
Tel:  617.535.4000                         Fax:  215.988.2757
Fax: 617.535.3800

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July 2010, a true and accurate copy of Defendants' Motion for Leave to File a First Amended Answer to Plaintiff's Complaint and Demand for Jury Trial was served via Electronic Case Filing on counsel of record as follows:

**Via the Electronic Case Filing System:**
Glenn S. Gitomer, Esq.
McCausland, Keen & Buckman
Radnor Court, Suite 160
259 North Radnor-Chester Road
Radnor, PA 19087
610-341-1000
610-341-1099 (facsimile)
*Counsel for SPA Syspatronic AG*

_/s/ Andrea L. D'Ambra_
Andrea L. D'Ambra

**UNITED STATES DISTRICT COURT FOR**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SPA SYSPATRONIC AG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-04060-PBT |
| | ) | |
| vs. | ) | |
| | ) | |
| INFINEON TECHNOLOGIES NORTH | ) | |
| AMERICA CORPORATION and INFINEON | ) | |
| TECHNOLOGIES AG, | ) | |
| | ) | |
| Defendants | ) | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2010, upon consideration of Defendant

Infineon Technologies North America Corp.'s Motion For Leave to File a First Amended

Answer to Plaintiff's Complaint and Demand for Jury Trial, it is hereby ORDERED that said

motion is GRANTED.


_____
Petrese B. Tucker, U.S.D.J.