EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPA SYSPATRONIC AG,<br><br>    Plaintiff,<br><br>  v.<br><br>INFINEON TECHNOLOGIES NORTH AMERICA CORP. and INFINEON TECHNOLOGIES AG,<br><br>    Defendant. | Civil Action No. 2:09-cv-04060-PBT<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

Defendants Infineon Technologies North America Corp. and Infineon Technologies AG (collectively "Infineon") answer plaintiff SPA Syspatronic AG's ("SPA") Amended Complaint and Demand for Trial by Jury ("Complaint") as follows:

### JURISDICTION AND VENUE

1. These allegations set forth legal conclusions for which no response is required.

2. These allegations set forth legal conclusions for which no response is required.

### PARTIES

3. Infineon is without sufficient knowledge or information to admit or deny these allegations.

4. Infineon admits that defendant Infineon Technologies North America Corp. is incorporated in Delaware and has an office at 1110 American Parkway N.E., Allentown, Pennsylvania, 18109.

5. Infineon denies the allegations in paragraph 5, except that it admits that defendant Infineon Technologies AG is incorporated in Germany and has a place of business at Am

Campeon 1-12, 85579 Neubiberg, Bavaria, Germany.

## BACKGROUND

6. Infineon denies the allegations of paragraph 6, except that it admits that United States Patent No. 4,985,921 ("the '921 Patent") is entitled "Portable Data Carrying Device" and that it states, on its face, that it issued on January 15, 1991. To the extent that SPA purports to characterize the patent document, Infineon states that the document speaks for itself.

7. Infineon denies the allegations of paragraph 7, except that it admits that an *Ex Parte Reexamination Certificate* was issued for the '921 Patent ("the '921 Reexam Certificate") and that it states, on its face, that it issued on October 28, 2008. To the extent that SPA purports to characterize the patent document, Infineon states that the document speaks for itself. .

8. Infineon lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 8, except that it admits that the '921 Patent and the '921 Reexam Certificate state, on their face, that they have been assigned to SPA.

9. Infineon denies the allegations of paragraph 9, except that it admits that it designs, develops, manufactures, and sells various integrated circuit chips and that that certain of its chips have been used in U.S. Passports, credit cards, cellular telephones and portable devices.

## FIRST CLAIM FOR RELIEF

### Infringement of the '921 Patent

10. Infineon incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

11. Infineon denies the allegations of paragraph 11.

12. Infineon denies the allegations of paragraph 12, except that it admits that it received a letter from SPA's attorneys dated October 28, 2008. To the extent that SPA purports to

characterize the document, Infineon states that the document speaks for itself. .

13. Infineon denies the allegations of paragraph 13.

## SECOND CLAIM FOR RELIEF

### Infringement of the '921 Reexam Certificate

14. Infineon incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

15. Infineon denies the allegations of paragraph 15.

16. Infineon denies the allegations of paragraph 16, except that it admits that it received a letter from SPA's attorneys dated October 28, 2008. To the extent that SPA purports to characterize the document, Infineon states that the document speaks for itself.

17. Infineon denies the allegations of paragraph 17..

### PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by SPA to which no response is required. To the extent an answer is required, Infineon denies that SPA is entitled to any of the requested relief and denies any such allegations.

### JURY DEMAND

This paragraph sets forth SPA's request for a jury trial to which no response is required.

### AFFIRMATIVE DEFENSES

Subject to the responses above, Infineon alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Infineon

specifically reserves all rights to alleged additional affirmative defenses that become known through the course of discovery.

**First Affirmative Defense**

Infineon has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any claim of the '921 Patent and is not liable for any acts of infringement of any claim of the '921 Patent.

**Second Affirmative Defense**

Infineon has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any claim of the '921 Reexam Certificate and is not liable for any acts of infringement of any claim of the '921 Reexam Certificate.

**Third Affirmative Defense**

One or more of the claims of the '921 Patent are invalid for failure to comply with one or more of the requirements of Sections 100 et seq., 101, 102, 103, and 112 of Title 35 of the United States Code.

**Fourth Affirmative Defense**

One or more of the claims of the '921 Reexam Certificate are invalid for failure to comply with one or more of the requirements of Sections 100 et seq., 101, 102, 103, and 112 of Title 35 of the United States Code.

**Fifth Affirmative Defense**

The claims of the '921 Patent and/or the '921 Reexam Certificate are unenforceable, in whole or in part, by the doctrines of waiver and/or estoppel.

**Sixth Affirmative Defense**

The claims of the '921 Patent and/or the '921 Reexam Certificate are unenforceable, in

whole or in part, by the doctrines of laches.

### Seventh Affirmative Defense

One or more of the claims of the '921 Reexam Certificate are unenforceable against Infineon under the doctrine of intervening rights.

### Eighth Affirmative Defense

Pursuant to 28 U.S.C. §1498(a), Infineon is not liable for any claims of direct or indirect infringement of the '921 Patent and/or the '921 Reexam Certificate with respect to products made, used, offered for sale, or sold by Infineon to and for any department or agency of the United States Government, including but not limited to the United States Government Printing Office.

### COUNTERCLAIMS

Defendants Infineon Technologies North America Corp. and Infineon Technologies AG (collectively "Infineon"), for their Counterclaims against plaintiff SPA Syspatronic AG ("SPA"), upon information and belief, state as follows:

### PARTIES

1. Counterclaim plaintiff Infineon Technologies North America Corp. is incorporated in Delaware and has an office at 1110 American Parkway N.E., Allentown, Pennsylvania, 18109-9137.

2. Counterclaim plaintiff Infineon Technologies AG is incorporated in Germany, and is headquartered at Am Campeon 1-12, 85579 Neubiberg, Bavaria, Germany.

3. On information and belief, counterclaim defendant SPA is a corporation of Switzerland, having its principal place of business at Alpenstrasse 12, Zug CH-6304, Switzerland.

## JURISDICTION AND VENUE

4. Subject to Infineon's answers and affirmative defenses included herewith, Infineon alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and venue for these Counterclaims is proper in this district under 28 U.S.C. § 1391.

5. The Court has personal jurisdiction over SPA because SPA has submitted itself to the personal jurisdiction of this Court by commencing this action.

## BACKGROUND

6. In the Amended Complaint and Demand for Trial by Jury, SPA asserts that Infineon has infringed and willfully infringed United States Patent Number 4,986,921 ("the '921 Patent") and the Reexamination Certificate issued therefrom ("the '921 Reexam Certificate").

7. The '921 Patent and the '921 Reexam Certificate state on their face that SPA is the assignee of record.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of the '921 Patent

8. Infineon restates and incorporates by reference its allegations stated in the previous paragraphs of these Counterclaims.

9. An actual case or controversy exists between Infineon and SPA as to whether the '921 Patent is infringed by Infineon.

10. A judicial declaration is necessary and appropriate so Infineon may ascertain its rights regarding the '921 Patent.

11. Infineon has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '921 Patent and is

not liable for any acts of infringement of any such claim of the '921 Patent.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of the '921 Reexam Certificate

12. Infineon restates and incorporates by reference its allegations stated in the previous paragraphs of these Counterclaims.

13. An actual case or controversy exists between Infineon and SPA as to whether the '921 Reexam Certificate is infringed by Infineon.

14. A judicial declaration is necessary and appropriate so Infineon may ascertain its rights regarding the '921 Reexam Certificate.

15. Infineon has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '921 Reexam Certificate and is not liable for any acts of infringement of any such claim of the '921 Reexam Certificate.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '921 Patent

16. Infineon restates and incorporates by reference its allegations stated in the previous paragraphs of these Counterclaims.

17. An actual case or controversy exists between Infineon and SPA as to whether one or more of the claims of the '921 Patent are invalid.

18. A judicial declaration is necessary and appropriate so Infineon may ascertain its rights as to whether one or more of the claims of the '921 Patent are invalid.

19. One or more of the claims of the '921 Patent are invalid for failure to comply with one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, and 112 of Title 35 of the

United States Code.

## FOURTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '921 Reexam Certificate

20. Infineon restates and incorporates by reference its allegations stated in the previous paragraphs of these Counterclaims.

21. An actual case or controversy exists between Infineon and SPA as to whether one or more of the claims of the '921 Reexam Certificate are invalid.

22. A judicial declaration is necessary and appropriate so Infineon may ascertain its rights as to whether one or more of the claims of the '921 Reexam Certificate are invalid.

23. One or more of the claims of the '921 Reexam Certificate are invalid for failure to comply with one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, and 112 of Title 35 of the United States Code.

## PRAYER FOR RELIEF

WHEREFORE, Infineon prays for judgment as follows:

a. A judgment dismissing SPA's Complaint and Demand for Trial by Jury against Infineon with prejudice;

b. A judgment in favor of Infineon on all of its Counterclaims;

c. A declaration that Infineon has not infringed, contributed to infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the '921 Patent;

d. A declaration that Infineon has not infringed, contributed to infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the '921 Reexam Certificate.

e. A declaration that the '921 Patent is invalid;

f. A declaration that the '921 Reexam Certificate is invalid;

g. An order permanently enjoining SPA from asserting the '921 Patent against

        Infineon and/or purchasers of Infineon's products;

h.    An order permanently enjoining SPA from asserting the '921 Reexam Certificate against Infineon and/or purchasers of Infineon's products;

i.    A declaration that this case is exceptional and an award to Infineon of its reasonable costs and expenses of litigation, including attorney's fees and expert witness fees under 35 U.S.C. § 285.

j.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Infineon respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

*/s/ Andrea L D'Ambra*

| | |
|---|---|
| Sarah Chapin Columbia (admitted pro hac vice) | Gregory J. Lavorgna (PA ID 34874) |
| Leigh J. Martinson (admitted pro hac vice) | Andrea L. D'Ambra (PA ID 93385) |
| Melissa Nott Davis (admitted pro hac vice) | Drinker Biddle & Reath LLP |
| MCDERMOTT WILL & EMERY LLP | One Logan Square, Suite 2000 |
| 28 State Street | Philadelphia, PA 19103-6996 |
| Boston, Massachusetts 02109-1775 | Tel: 215.988.2700 |
| +1 617 535 4000 | Fax: 215.988.2757 |

*Counsel for Defendants, Infineon Technologies North America Corp. and Infineon Technologies AG*

*Counsel for Defendants, Infineon Technologies North America Corp. and Infineon Technologies AG*

Date: July 23, 2010